**Giles KEMP, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37098.**

Court of Criminal Appeals of Texas.

Oct. 21, 1964.

Jack W. Watson, Stamford, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

———————

BELCHER, Commissioner.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $300.00.

A Texas Highway Patrolman testified that immediately after the appellant got out of a pickup which he had seen him driving upon a public highway, the appellant began cursing, and staggered while walking; that his eyes were glassy, and he smelled the odor of alcohol on his breath. The patrolman expressed the opinion that appellant was intoxicated. Appellant requested a blood test but refused to permit a nurse to remove a blood specimen after he was taken to the hospital, and again refused when a physician arrived. During this time appellant was cursing.

Officer Barnett, who responded to the patrolman's radio call for assistance, testified that from his observation the appellant was, in his opinion, intoxicated. This testimony was corroborated by that of the County Judge who saw appellant at the hospital after the appellant had requested a magistrate.

The physician who came to the hospital, as appellant wanted a doctor to take a blood specimen but refused when he arrived, testified that in his opinion the appellant was under the influence of alcohol.

The appellant did not testify but called several witnesses who had seen him around 4:30 P.M. before his arrest about 6:00 P.M. They testified that appellant was not intoxicated; that he did not act like a man who had been drinking; that appellant had bought a half pint of whiskey between 4:30 and 5:00 P.M., and had had one drink of the whiskey before his arrest.

Appellant urges reversal on the ground that the following testimony of the trial judge:

"Q. And you feel—I will ask you if you feel in your judicial discretion whether or not it is best that you testify in this case?"

"A. I think so,"

constituted a comment on the weight of the evidence which was of such prejudicial nature that an instruction to the jury to disregard it would not have removed it from their minds.

The evidence reveals that the trial judge responded in person to appellant's request, made at the hospital, for a magistrate; that he observed appellant at the hospital; heard him cursing; smelled the odor of alcohol; and, while testifying, expressed the opinion that the appellant was intoxicated.

The testimony of the trial judge brought him within the exception rather than the rule found in Art. 717 C.C.P. that the trial judge is required to testify unless he declares that there is no fact within his knowledge important to the case. In the absence of any objection, and in view of the trial judge's testimony revealing his knowledge of facts bearing on the case, the contention of appellant cannot be sustained.

Appellant complains of the overruling of his motion for a continuance due to the absence of the witness Garrett, and that he did not have sufficient time to prepare for trial. The record shows that Garrett was summoned as a witness but there is no showing as to why he was not called to testify. No motion for continuance on this ground appears in the record.

A motion for continuance was granted when the cause was first set and called for trial on March 5th. A trial of this case on March 26th resulted in a hung jury. It was then set for trial on April 17th;

the appellant was notified of the setting; and no written motion for continuance was then filed; and the case proceeded to trial resulting in the judgment herein.

The contentions urged for reversal on the trial court's failure to grant a continuance are overruled.

By several bills of exception the appellant complains of jury argument.

■ The trial court certifies in the bills that no objections were made to the jury argument. The opening and closing arguments of the County Attorney are in the record and there appear no objections to either argument. No error is reflected.

■ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.