Oceola **HUBBARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38228.

Court of Criminal Appeals of Texas.

May 5, 1965.

Rehearing Denied June 9, 1965.

John Whiteside, Fort Worth, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State. ·

BELCHER, Commissioner.

The conviction is for murder; the punishment, fifteen years.

The evidence reveals that both the appellant and the deceased were living on the second floor of the same rooming house at the time the deceased was killed.

About midnight the landlady heard the appellant and the deceased arguing. Upon investigating, she saw the appellant standing outside the bathroom while the deceased was inside. She told them to come to her room, which they did. As the appellant came to the room door he had a razor and a Coke bottle in his hands, but the landlady did not see anything in deceased's hands. At this time, the appellant said, "I'm through", and left, going down the stairs. After a brief time, the landlady heard someone coming up the stairs. Then, through the glass door, she saw the appellant use a pistol to knock on her door and heard him say at the time that if she did not open the door he would kill her, too. When she opened the door, the appellant walked into the living room, shot the deceased with the pistol, and then left, going down the stairs. Neither the appellant nor the deceased said anything as appellant entered the room and shot the deceased.

Due to a spot radio broadcast, an automobile in which the appellant was riding was stopped a short time after the killing and the arresting officer recovered the pistol from under the front seat by following the direction of the appellant.

It was stipulated that the death of the deceased was caused by the gunshot wound.

Testifying in his own behalf, the appellant stated that on returning to his room after going to a nearby cafe, he saw the deceased at his room door, picking the lock with a knife; that the deceased ran into a bathroom; and that he (appellant) went to the landlady's room, told her what had occurred and that he had previously informed her of deceased's attempts to enter his room. Appellant returned to his room as the landlady took the deceased into her room. After hearing the deceased, while in the landlady's room, repeatedly curse him and say that he was going to kill him (appellant), the appellant put a pistol in his pocket and went to the landlady's room to tell her that either he or the deceased had to move. When she opened the door and the appellant told her that one of them had to move, the deceased told appellant he was going to kill him, saying, also, "You ain't running nothing here". The deceased then reached in his pocket for a knife, which appellant could see, and advanced toward him as the appellant was backing away. Appellant further testified that as the deceased pulled his knife out, he shot him because he thought the deceased was going to kill him; and that he did not intend to kill him but was only trying to prevent being hurt by the deceased.

■ The jury resolved the issues of fact against the appellant, and we find the evidence sufficient to support the conviction.

■ The appellant insists that the state's attorney committed reversible error in making the following argument before the jury: "This is a man who (counsel) would try to tell you has been convicted for having a hypodermic needle. Ladies and gentlemen, every person who suffers from asthma, many people who have to take insulin shots have hypodermic needles. They haven't been convicted and sent to the penitentiary for having a hypodermic needle. The charge that man went to the penitentiary (for) was for having in his possession, narcotic paraphernalia. Ladies and gentlemen, do you think a man who would use narcotics; have it in his possession—".

To such argument the appellant objected "For the reason, first, it is improper argument, and second, there's been no evidence of any such situation existing; that he had anything in his possession in the way of narcotics."

The objection was sustained and the jury were instructed not to consider such argument, but the motion for a mistrial was refused.

The appellant testified in part as follows:

"Q: You said something about you had previously had a conviction for some kind of paraphernalia, a hypodermic needle?

"A: Yes, sir.

\* \* \* \* \* \*

"Q: How long had it been since you had served your prison term for conviction under the Texas Narcotics Act that this shooting happened? How long had you been out of the penitentiary?

"A: I imagine about a year and a half or a year."

In view of appellant's admission of his previous conviction, considered along with the other evidence, and the court's action in sustaining the objection to said argument and instructing the jury not to consider it, we see no error.

The judgment is affirmed.

Opinion approved by the Court.