**Lucas GARCIA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41267.

Court of Criminal Appeals of Texas.

May 22, 1968.

Glenn B. Lacy, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The offense is statutory rape; the punishment, fifteen years.

Four grounds of error are presented by appellant, which complain of certain statements and conduct by state's counsel in his closing argument to the jury on the issue of guilt or innocence.

He first complains of that portion of counsel's argument wherein he stated:

"Now, it's logical to assume, inasmuch as this is the second time around for this boy, that maybe next time he will go to the extent that defense lawyer wants him to go. And I suggest to you that, if you let him go here today, the next time he will take all these precautions to see that no evidence whatever is left—if it becomes necessary to even kill and bury the body."

■ The record reflects that appellant's objection to the argument was by the court sustained and the jury instructed not to regard "the last remarks of Counsel." Appellant did not move for a mistrial. Apparently he was satisfied with the court's ruling, and he is therefore in no position to complain. Riley v. State, Tex.Cr.App., 399 S.W.2d 805.

■ It should be observed, as pointed out in the state's brief, that appellant testified on his direct examination that he had been previously convicted of the offense of rape in the State of Wisconsin, and his counsel made reference to such conviction in his argument. The reference by state's counsel to appellant's conviction in Wisconsin was not only authorized by the evidence but also was invited by argument of appellant's counsel. The ground of error is overruled.

■ Appellant next complains of the argument of state's counsel when he referred to appellant as " a convicted rapist already."

No objection is shown to have been made by appellant to the argument; hence nothing is presented for review. Kemp v. State, Tex.Cr.App., 382 S.W.2d 933; Hasek v. State, Tex.Cr.App., 384 S.W.2d 722. Again we observe that such statement was supported by the evidence.

Complaint is next made to the action of the prosecutor, while discussing the question of penetration and the presence of spermatozoa in the vagina of the prosecutrix, in going to a blackboard in the courtroom and with a piece of chalk making a dot, stating that it was supposed to be "spermatozoa" and asking the jury to observe and see if it moved.

■ We perceive no error, as it appears the prosecutor was merely using the blackboard to illustrate the medical examiner's testimony that spermatozoa could not be seen by the naked eye but only with at least a 300-power microscope. Borrer v. State, 83 Tex.Cr.R. 198, 204 S.W. 1003.

■ In his last ground of error, appellant complains of state's counsel's reference to his prior conviction for rape with the inquiry:

"Do you think that maybe a second spanking and this time, when he comes back out, he's going to have changed his mind about the whole idea? [sic]"

Appellant's request for a mistrial was refused, and counsel was instructed by the court to "limit your argument to the issue of guilt or innocence." And, upon being so admonished by the court, counsel informed the jury they were to concern themselves only with whether appellant was guilty or not guilty. No reversible error is perceived. See: Hubbard v. State, Tex. Cr.App., 390 S.W.2d 782.

The judgment is affirmed.