**Edward GREEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42762.**

Court of Criminal Appeals of Texas.

April 8, 1970.

Uriel E. Dutton, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder with malice; the punishment, life.

The sufficiency of the evidence to sustain the conviction is not challenged. The appellant testified he shot the deceased but claimed self defense. The jury by their verdict rejected such defense.

In three grounds of error appellant complains of the State's jury argument.

It is observed that to *none* of the arguments now complained of did the appellant at any time object, call the trial court's attention thereto, ask for an instruction or a mistrial or any type of relief. We cannot conclude that the error or errors, if any, which may have occurred are preserved for review. Van Bibber v. State, Tex.Cr.App., 371 S.W.2d 880; Bertsch v. State, Tex.Cr.App., 379 S.W.2d 657; Kemp v. State, Tex.Cr.App., 382 S.W.2d 933; Hintz v. State, Tex.Cr.App., 396 S.W.2d 411; Hughes v. State, Tex.Cr.App., 433 S.W.2d 698; Smith v. State, Tex.Cr.App., 418 S.W.2d 683; Piraino v. State, Tex. Cr.App., 415 S.W.2d 416, and cases collated at 13 Texas Digest Criminal Law ⬟1037 (1).

Further, the allusion by the prosecutor to Houston "as the murder *capital* of the world" in the context in which it was made is not considered reversible error. Cf. Gibson v. State, Tex.Cr.App., 430 S.W. 2d 507; Weatherly v. State, 163 Tex.Cr.R. 659, 296 S.W.2d 764.

Ground of error #1 is overruled.

The right of the State to comment upon the failure of the accused to produce his wife as a witness is well established in Texas. Ferrell v. State, Tex.Cr.App., 429 S.W.2d 901; Wood v. State, Tex.Cr.App., 374 S.W.2d 896 and cases there cited. In light of the evidence, particularly the appellant's own testimony as to the wife's possession of the gun after the shooting, no error is presented as to such comment.

Ground of error #2 is overruled.

The third ground of error complaining of five instances of allegedly improper jury argument is multifarious and so ambiguously stated that the same does not meet the requirements of Article 40.09, Sec. 9, Vernon's Ann.C.C.P. Keel v. State, Tex.Cr.App., 434 S.W.2d 687; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728.

Ground of error #3 is overruled.

The judgment is affirmed.