752

**Sherman Earl ATKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42710.**

Court of Criminal Appeals of Texas.

April 8, 1970.

Rehearing Denied June 10, 1970.

———◆———

R. E. McDaniel, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., and Lawrence J. Gist, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for attempting to pass as true a forged instrument; the punishment, five years.

The evidence shows that the instrument forming the basis of this prosecution was a forgery by reason of "[f]illing up over a genuine signature," as denounced by Article 992, Vernon's Ann.P.C.

The sufficiency of the evidence is challenged.

The record reflects that David Campbell, the owner of the D & C Construction Company, made it a practice to sign several checks in blank. He gave Joan Stewart, his secretary, authority to complete the checks for company business. Appellant had no authority to fill in the blanks on the checks. On March 11, 1969, Joan Stewart found a blank presigned check to be missing and the bank on which it was drawn was requested to stop payment.

Joan Stewart testified that appellant had previously worked for the construction company and had been in her office seven or eight times to pick up compensation checks for an injury that he had sustained. He was aware of the presigned checks and of their location in a file cabinet. On the same day, and prior to the time, the check was found to be missing, appellant called her and told her that he would come to her office, because he needed money and wanted to settle his claim against the company. She did not see appellant that day, but late in the afternoon she found a blank presigned check had been taken from the checkbook, evidently while she was out of the office for a short time.

Appellant, accompanied by a woman, was in the office the next day, not to settle the total claim as he had wanted to do the day before, but to pick up his regular compensation check. The police were called and appellant was arrested at the office.

It was further shown that a woman attempted but failed to cash the then completed check, dated March 11, 1969, in the sum of $195.00, payable to Carter Lawrence, at a Henke Pillot Store; a short time later the woman returned with the appellant and he presented the check to the cashier and insisted that she cash it, and again she refused. He made another unsuccessful attempt to cash the check with the manager of the store.

The check, described in the indictment, was introduced into evidence. Appellant did not testify. The facts and circumstances in evidence are sufficient to support the conviction. See Fifer v. State, Tex.Cr.App., 451 S.W.2d 757.

Next, appellant complains that the trial court did not charge that the jury must find beyond a reasonable doubt that appellant knew the check was a forgery at the time he attempted to pass it.

The court instructed the jury if they found "[f]rom the evidence beyond a reasonable doubt that the defendant * * * wilfully, knowingly and fraudulently, with intent to defraud and without lawful authority, attempted to pass as true one instrument * * * to Roberta Herrin, which said instrument you find from the evidence beyond a reasonable doubt to be forged, and which has theretofore been made without lawful authority, and with intent to defraud as charged in the indictment, you will find the defendant guilty of Attempting to Pass as true a Forged Instrument. If you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant."

The appellant did not testify, and no attempt was made to prove an affirmative defense. The charge as a whole shows that the jury was required to find that appellant knew the check was forged. No reversible error has been shown.

Lastly, it is contended that reversible error was committed in ten instances of allegedly improper jury argument. The ground of error does not comply with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., which requires the brief to set forth separately each ground of error the defendant desires to complain of on appeal. See Green v. State, Tex.Cr.App., 454 S.W.2d 750; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Keel v. State, Tex.Cr.App., 434 S.W.2d 687.

No reversible error appearing in the record, the judgment is affirmed.