**Salvadore SATILLAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44038.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

R. H. Stauffacher, Jr., Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Frank Price, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of heroin where the punishment was assessed at life.

Appellant initially complains the court erred in severing the trial of the co-indictee Duarte.

Article 36.09, Vernon's Ann.C.C.P., provides that "[t]wo or more defendants who are jointly or separately indicted or complained against for the same offense or an offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants * * *."

The severance here complained of was granted after Duarte's bond was forfeited and appellant's case was reset. Such action by the court on its own motion was taken without objection. Complaint is made for the first time on appeal. We find no merit in the contention.

The sufficiency of the evidence is not challenged. Suffice it to say that Houston police officers arrested the appellant on October 3, 1967, while in the process of executing the search warrant at 240 Flynn Street in the city of Houston. As the officers approached the house they saw Duarte through an open window giving himself "a fix." Thereafter someone yelled "police." The appellant fled from the police upon their entry. A search of his person revealed eleven packages of heroin.

In grounds of error designated "A, B, C, D, E, F, G, H and K" the appellant complains that the search and seizure was illegal and in violation of his Fourth Amendment rights.

After Officer Dunlap testified he and the other officers were in possession of a search warrant on the date in question, the jury was removed at the request of the State. Dunlap then detailed the information received from an unidentified informer who had given reliable information in the past, the observations made during a surveillance of the address in question, and stated that a search warrant had then been obtained from a magistrate. Thereafter no objection was made to the evidence; the search warrant was never exhibited to the court and neither the warrant nor affidavit is in the appellate record before us.

Not only must timely objection to inadmissible evidence be urged at the first opportunity, Swanson v. State, Tex.Cr. App., 447 S.W.2d 942; Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, but where evidence is offered without objection any error as to its admissibility is waived. Garcia v. State, Tex.Cr.App., 440 S.W.2d 295; Jones v. State, Tex.Cr.App., 388 S. W.2d 429; 51 Tex.Jur.2d, Searches and Seizures, Secs. 49 and 55. The contemporaneous objection rule long adhered to in this state which requires a timely objection to the admission of evidence in order for the question of admissibility to be considered on appeal is a salutary procedural tool serving a legitimate state purpose. Further, in absence of the warrant and affidavit in the record, the question of the legality of the search is not presented for review. Lee v. State, 167 Tex.Cr.R. 608, 322 S.W.2d 260; Irwin v. State, Tex.Cr. App., 441 S.W.2d 203; Doby v. State, Tex.Cr.App., 383 S.W.2d 418, cert. den., 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804; 51 Tex.Jur.2d, Searches and Seizures, Sec. 28, pp. 670, 671.

Next, appellant complains of the prosecutor's jury argument that if the events which occurred at the house were not as related by the officers-witnesses, the appellant could have called as witnesses the other persons who were present at the time. The record reflects these individuals were the appellant's wife, Duarte's wife and a third person.

To this argument, which was in response to the defense argument, there was no objection, no request for jury instruction or other relief.

Nevertheless, appellant contends the reference to the failure to call his wife was in violation of Article 38.08, V.A.C.C.P., prohibiting comment on the accused's failure to testify. Green v. State, Tex.Cr.App., 454 S.W.2d 750 and Wood v. State, Tex. Cr.App., 374 S.W.2d 896, have been decided contrary to appellant's position. See

also cases collated under note 103, Article 38.08, supra.

Lastly, we overrule appellant's contention of ineffective assistance of appointed trial counsel. Appellant's appointed counsel on appeal has combed the trial record and has picked at trial counsel's moves and decisions and comes up with the bald assertion of incompetent and inadequate representation without regard to the possibility of trial strategy being involved. We, too, have combed the record and are not in agreement.

██ The adequacy of an attorney's services on behalf of the accused must be gauged by the totality of the representation. Baker v. State, 204 Kan. 607, 464 P. 2d 212 (1970).

In MacKenna v. Ellis, 280 F.2d 592 (5 Cir.), the Court said:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." See also Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

And in Williams v. Beto, 354 F.2d 698 (5 Cir.), the Court also said:

"The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight." See also Morgan v. State, Tex.Cr.App., 403 S.W. 2d 150.

The representation given was more than token representation which renders a trial a sham, the total effect of which amounts to a complete absence of counsel. See Baker v. State, supra; Williams v. Beto, supra.

The judgment is affirmed.