**David Zane DARNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44654.

Court of Criminal Appeals of Texas.

March 8, 1972.

Frank Coffey, Dist. Atty., John Garrett Hill, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for statutory rape. The punishment was assessed by the jury at fifty years.

The prosecutrix, who was fourteen years of age, was walking from a drug store to her home in Tarrant County, after school, on May 28, 1970, when appellant stopped her and asked her if she knew anyone by the name of Younger. The prosecutrix testified that the appellant then grabbed her from behind, held a knife to her stomach and said, "Get in the truck or you're dead." After getting into the truck, she stated that appellant ordered her to lie down on the floorboard, where she remained until they arrived at an area known as Barnes Place. Prosecutrix was told to go into a house, where she testified appellant tied her hands behind her back, tied her legs apart to the ends of the bed and raped her. After the assault, prosecutrix was returned to the vicinity of her home, where she ran to a friend's house and reported what had occurred.

The sufficiency of the evidence is not challenged.

At the outset, appellant contends that the court erred in that the judgment does not show or follow the verdict.

The indictment contains two counts charging first the offense of rape by force, threats and fraud, and in the second count, statutory rape. In the court's charge, only the second count is submitted to the jury upon which count the jury found the appellant guilty. The judgment and sentence reflect that the appellant was convicted of the offense of rape as charged in the first count of the indictment.

Clayton E. Evans, Fort Worth, for appellant.

Article 44.24, Vernon's Ann.C.C.P., provides that this Court may reform and correct the judgment as the law and the nature of the case require. The indictment alleged, the court charged, and the jury found that appellant committed the offense of statutory rape. Garcia v. State, Tex.Cr.App., 428 S.W.2d 334; Weeks v. State, Tex.Cr.App., 476 S.W.2d 310, (1972). No error is shown.

Appellant contends that the court erred in instructing the jury, "It is within your province to decide which witness is telling it the way it occurred and which is not," because such instruction was a comment on appellant's failure to testify.

Appellant complains that such instruction implies that if appellant did not testify, the jury would decide the way it occurred from the testimony of whichever witness might appear on the stand, which implication placed appellant in the position of being forced to testify.

The complained of instruction was given by the court to the jury panel prior to voir dire examination. The court's instruction amounted to nothing more than admonishing the panel that the jury is the sole judge of the credibility of the witnesses. Further, no objection was made to the complained of instruction and nothing is presented for review. Garcia v. State, 428 S.W.2d 334.

It will suffice in answering appellant's next complaint to note that the court properly admonished appellant's trial court counsel relative to the law of reasonable doubt during voir dire examination as follows:

"I will instruct counsel to put reasonable in front of doubt when he asks qualification questions with reference to whether or not you would acquit the defendant if you have in your mind a reasonable doubt as to his guilt."

Further, there was nothing improper in the court repeating the instructions when appellant's counsel objected to same.

Appellant contends that the court erred in allowing the fruits of the search of appellant's home and vehicle into evidence because such fruits were the results of an unreasonable search.

The record reflects that appellant gave his written consent to search his residence after he was taken to the Tarrant County Sheriff's Office.[1]

1. The written consent of appellant to search his residence reads as follows:

STATE OF TEXAS  
COUNTY OF TARRANT }

I, David Zane Darnell, having been informed by the hereafter named Texas peace officer that I have a constitutional right to be free from having him or other officers make a warrantless search of the hereafter mentioned premises under my control and also a constitutional right to refuse to give him or any other officer consent to make such a search and that such rights are guaranteed to me both by the Texas and Federal Constitutions, do hereby voluntarily waive those rights and authorize the following named officer, to-wit: J. W. Witthaus and any other officers working with him to conduct a complete search of the following premises, buildings, and vehicles located in Tarrant County, Texas, at and namely: Barnes Place Rt. 10 Box 606 Eagle Mountain Lake Tarrant Co. Texas My residence, a yellow house with white trim, white composition roofing also a red chevrolet panel truck bearing 1970 Texas License 2N5673 and to seize and take therefrom any item of personal property they may believe to constitute evidence in a criminal proceeding.

I having given this consent of my own free will and accord and without being subjected to any threats, promises, compulsion, or persuasion of any kind. I know that any item of personal property seized by the above named officer or other officers with him and taken by them from such premises can and will be used against me in a criminal proceeding.

(Signed) David Z Darnell  
(Date)   5–28–70  
             10:40 PM  
WITNESSES:  
Lt. Bob Stone TCSO  
Deputy J. M. Ayala #38

**284** ∎ ▬▬▬▬▬▬▬▬

The record reflects Officer Ayala, of the Tarrant County Sheriff's Department, went to appellant's house, where he found the father of the prosecutrix on the porch of appellant's house with a gun in his hand; that the gun was taken by the officer and appellant came to the door where the "Miranda Blue Card" warning was read to him after appellant was advised that he was charged with rape. Appellant was carried to the sheriff's office, where Officer Witthaus testified appellant gave permission to search his house. He further testified, he read the consent to search instrument to appellant after which appellant read the instrument, said he understood it and signed it. Appellant testified that he signed the consent because he had nothing to hide and because the officers said they could get a search warrant. This was denied by Officer Witthaus.

Pieces of rope were introduced into evidence which Officer Adams testified were found between the mattresses at appellant's residence. Photographs taken of the interior of appellant's house during the search were introduced into evidence.

The court found beyond a reasonable doubt that appellant intelligently and knowingly waived any objection that he might have to the search of his premises and that such waiver was voluntarily executed by him and the search and seizure were legal.

The evidence sufficiently supports the trial court's findings. See DeVoyle v. State, Tex.Cr.App., 471 S.W.2d 77; Huggins v. State, Tex.Cr.App., 426 S.W.2d 855. No error is shown.

The judgment and sentence, based upon the indictment, charge, and verdict are reformed to show that the conviction was for statutory rape as charged in the second count of the indictment.

The judgment as reformed is affirmed.

Opinion approved by the Court.