**Don Albert BRADLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45604.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Rehearing Denied Feb. 21, 1973.

Robert M. Jones, Dallas (By Court Appointment), for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Special Commissioner.

Appellant was convicted by a jury of robbery with a firearm, and the jury assessed the punishment at ninety-nine (99) years.

The sufficiency of the evidence is not challenged, and no summary of the facts is necessary.

The appellant seeks reversal on two grounds: (1) prosecutor's jury argument at the punishment stage, and (2) admission in evidence of a pistol found in appellant's apartment upon a search without warrant but with written consent claimed to be invalid.

■ Jury argument: At the punishment phase appellant's counsel argued for a low penalty by reciting the number of days in each number of years that might be assessed. On this subject, in reply, the prosecutor said to the jury:

"I don't know how many days he'll spend down there but we ask you for a sentence —that's what we are asking for, a sentence of a certain amount of years. How many days he will spend down there of that figure no one knows."

To this argument appellant's counsel objected: "That's a comment on the time served and that is a contradition of the court's charge."

The Court: "The Court has told the jury in the charge not to consider the execution of the sentence."

Motion for mistrial was overruled. The court charged the jury on this subject as follows:

"You are not to discuss among yourselves how long the accused will be required to serve the sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are, consequently, no concern of yours."

Even if the foregoing argument could be construed as implying that the number of years assessed is not necessarily the number of years served, it does not require reversal in view of the verbal and written instruction given by the judge that the jury should not consider how long the appellant would be required to serve the sentence imposed. Lenzi v. State, Tex. Cr.App., 456 S.W.2d 99; Gray v. State, Tex.Cr.App., 477 S.W.2d 635; Alexander v. State, Tex.Cr.App., 479 S.W.2d 44. No reversible error is shown.

Search: Appellant's second contention is that the court erred in admitting evidence obtained by an illegal search and seizure.

A written instrument signed by appellant in the presence of two witnesses was in evidence, as follows:

"I, Don Albert Bradley, having been informed by J. P. Adamcik of my constitutional right not to have a search made of the premises hereinafter mentioned without a search warrant and of my right to refuse consent to such a search, hereby authorize J. P. Adamcik and E. L. Boyd, policemen of the Dallas Police Department, City of Dallas, Dallas County, Texas, to conduct a complete search of my residence located at 3022 South Blvd. Apt. 207. These officers are authorized by me to take from my residence any stolen property or any other property which may have been obtained or is possessed in violation of the laws of The State of Texas or of the United States.

"This written permission is being given by me to the above named officers voluntarily and without threats or promises of any kind and is given with my full and free consent.

Signature Don A. Bradley"

Officer Adamcik, testifying in a hearing outside the presence of the jury, related that he had advised appellant of all his rights before getting consent to search. He also testified, on cross-examination, that

he could not recall anyone saying that the police could get a warrant if appellant did not consent.

Appellant testified that the consent form introduced was signed by him, that "he knew what he was doing" and was aware of the effect of his consent. He further stated that he felt he had no choice because someone told him they could get a warrant and that giving consent would thus "save us both some time." The trial court found that consent had been freely and voluntarily given.

■ The foregoing is sufficient to support the finding that the consent to search was properly obtained. Further, although good police practice, written consent is not required. See DeVoyle v. State, Tex.Cr.App., 471 S.W.2d 77; Weatherly v. State, Tex.Cr.App., 477 S.W.2d 572; Darnell v. State, Tex.Cr.App., 477 S.W.2d 281. Nothing remains for review.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.