**Charles YOUNG, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–065–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 24, 1982.

Rehearing Denied March 24, 1982.

Smith & Douglass, and S. Price Smith, Jr., Wichita Falls, for appellant.

Timothy D. Eyssen and Dan Tompkins, Asst. Dist. Atty., Wichita Falls, for State.

Before HUGHES, RICHARD L. BROWN and JORDAN, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of the offense of aggravated robbery and assessed 75 years confinement in the Texas Department of Corrections by the jury.

His appeal is on five grounds of error.

We affirm.

Johnnie Wheeler, who owned and operated a Phillips '66 service station in Wichita Falls, Texas, on June 9, 1978, was viciously beaten, stabbed in the abdomen and robbed of a large sum of money. Appellant and a male companion were arrested, indicted for and convicted of this robbery by a jury.

After the guilt-innocence phase of the trial, the State, at the punishment phase, introduced two prior felony convictions of appellant, not for enhancement purposes, but simply to persuade the jury to mete out the maximum punishment allowable under the aggravated robbery statute.

Appellant's brief, urging reversal of this case, presents a most unusual and regrettable circumstance. His first three grounds of error, which will be discussed together, concern testimony offered by the trial judge during the punishment phase of this case.

The State, in order to assure a maximum sentence under this conviction, offered, by the testimony of the deputy district clerk of Wichita County, records of the 78th District Court of Wichita County, of indictments for and conviction of two prior felonies of appellant. The judge who presided over the trial of the case now before us, in the 78th District Court of Wichita County, had also presided over the other trials which resulted in the two prior convictions.

After the records of the prior convictions had been admitted in evidence, the State still had to prove that the Charles Young convicted in the two prior cases was the same Charles Young as the defendant in this case. They did not offer a pen packet, fingerprints of the appellant or anything else to prove the identity of the defendant in the prior cases as well as the instant one. At this point the State called the trial judge to the witness stand to testify to the fact that the defendant in this case was the same person as the defendant in the prior two felony cases which resulted in convictions. The judge took the oath from his bailiff and then testified on the witness stand that the Charles Young who was the defendant in this case was the same person as the defendant Charles Young in the prior two convictions.

This testimony was given by the trial judge over the strenuous objection of appellant. The objection urged to the judge's testimony was basically that it violated the constitutional right of a fair and impartial trial, that at a trial the presiding judge is not a competent witness, and that the duties of a judge and witness are incompatible.

Appellant also vigorously urges this court to declare unconstitutional article 38.13, V.A.C.C.P., which provides:

"The trial judge is a competent witness for either the State or the accused, and may be sworn by the clerk of his court and examined, but he is not required to testify if he declares that there is no fact within his knowledge important in the case."

The State on the other hand, while agreeing that a judge should only very rarely become a witness in a case tried by him, urges that the procedure is permitted by statute (article 38.13, V.A.C.C.P.) and that the judge in this case did not give an opinion or comment on the weight of the evidence, but merely testified to facts within his knowledge which were relevant to the punishment phase of this trial. We reluctantly agree with the State's contention.

There are two cases construing the predecessor article to article 38.13, V.A.C.C.P.. That predecessor article is article 717 of the former Code of Criminal Procedure and is in language identical to article 38.13. In the case of *O'Neal v. State*, 106 Tex.Cr.R. 158, 291 S.W. 892 (1927), a burglary case, the defendant was convicted and filed an application for suspended sentence. On the hearing on the application for suspended sentence, the district attorney and the trial judge both testified that appellant's reputation in the county was bad. The appellant in this case had previously testified that his reputation in the county was good. The court in *O'Neal* said that the defendant's exception to the judge's testifying, raised more a question of the propriety of the judge testifying rather than any legal question, and pointed out that under article 717, Code of Criminal Procedure, 1925, the judge was a competent witness. The court also said that the judge could not very well excuse himself on the ground that he knew no fact bearing upon the case, for, when he was called he testified that he did know that appellant's reputation in the county was bad. "The propriety of the trial judge becoming a witness, must be left largely to his good judgment and discretion in a given case."

The same rule was followed in *Kemp v. State*, 382 S.W.2d 933 (Tex.Cr.App.—1964).

This was a driving while intoxicated case where the trial judge, who saw appellant shortly after the incident in question, at the hospital, corroborated the testimony of a highway patrolman to the effect that appellant, in his opinion, was intoxicated. The judge also testified that he felt that in his judicial discretion it was best that he did testify in this case. The Court of Criminal Appeals held that the testimony of the judge was permissible under article 717 of the Code of Criminal Procedure.

Texas is one of only a few states which permits the presiding judge to testify as a witness in a case he is trying. In the federal courts the trial judge may not testify as a witness, and no objection need be made in order to preserve the point. Rule 605, Federal Rules of Evidence.

The practice of the trial judge serving as a witness in a case he is trying has been roundly condemned. See *Terrell v. United States,* 6 F.2d 498, Fourth Circuit, Circuit Court of Appeals, 1925, where it was said:

> "Indeed, a judge presiding at a trial is not a competent witness for the duties of a judge and a witness are incompatible. If he testifies he would have to pass upon the competency of his own testimony; and as a witness he might be regarded a partisan, and would be subject to embarrassing conflicts with counsel. The danger to the dignity of the bench, of subjecting its impartiality to doubt and of placing the defendant at an unfair disadvantage by admitting the presiding judge as a witness is very obvious."

See also VI, Wigmore on Evidence, sec. 1909, pgs. 761–769.

■■■ Although we are unable to hold article 38.13, V.A.C.C.P., unconstitutional, we think it is a rule of procedure which should be used only in extremely rare circumstances and only then in such a manner as to not put the judge in the position of an advocate. In this case the trial judge testified only to facts within his certain knowledge, since he had tried all three cases involved, the two prior cases as well as the instant one, and he did know for a certainty that the defendant was one and the same in

all cases. We would condemn testimony such as was offered in *Kemp v. State, supra,* where the judge volunteered an opinion of the condition of the defendant. We think certainly that the application of this statute should be limited to judicial or clerical facts within the certain knowledge of the trial judge.

In our opinion it would be appropriate if art. 38.13, V.A.C.C.P., were amended so as to require any trial judge who feels compelled to assume the role of a witness to request another judge to sit for him to rule on any objections made to his testimony.

■■■ Appellant complains, in his second ground of error, that the witness oath was administered to the trial judge not by the clerk, as required by article 38.13, V.A.C.C.P., but by the court bailiff. We do not think this point is well taken. The oath should have, as required by the statute, been administered by the clerk of the court. However, we do not think that this variance presents error. The judge did take the required oath and swore to "tell the truth, the whole truth, and nothing but the truth, so help me God." There is no suggestion that the judge was untruthful in his testimony. It is also noted that there was no specific objection to the administering of the oath to the judge by the bailiff. In such a case any error in the administration of the oath was waived. See *Spriggs v. State,* 163 Tex.Cr.R. 167, 289 S.W.2d 272 (1956); *Brown v. State,* 171 Tex.Cr.R. 692, 353 S.W.2d 425 (1962). We also suggest that the judge could have taken the oath himself without it being administered to him.

The next ground of error, number three, urged by appellant concerns the refusal of the trial court to grant a requested instruction which would have told the jury not to consider or be influenced by any opinion expressed by the court. Appellant requested such instruction when the punishment charge was submitted to the jury, but in his brief argues that the trial court erred in failing to charge the jury that they are exclusive judges of the facts proven and weight to be given their testimony. The

requested charge discussed in the brief differs from that raised during the punishment phase of the trial. It is noted that in the charge of the court at the guilt-innocence phase of the trial, the jury was instructed that they are the exclusive judges of the facts proven, the credibility of the witnesses, and of the weight to be given their testimony. The charge at guilt-innocence phase of the trial also instructed the jury that they should not be influenced in any degree by any opinion that they think the court might have.

The charge given the jury in the punishment phase of the trial instructed them not to arrive at their verdict "by lot, chance or any other method than by full, fair, and free exercise of the opinion of the individual jurors under the evidence submitted before you."

■ We also note that the trial judge did not express any opinion on the facts at either phase of the trial, and that therefore, the requested instruction was unnecessary. Moreover, if it was proper for the judge to testify, as we have held, the requested instruction would simply have told the jury to ignore his testimony, which instruction would have been improper.

Appellant's first three grounds of error are overruled.

Appellant's fourth ground of error complains of the trial court's admission into evidence, over objection, of a certain set of keys found at the service station, the scene of the robbery, by the police shortly after the occurrence. The appellant objected to the admission of the keys on the grounds of relevancy and that the chain of custody of the keys from the time they were found in the service station until trial had not been established.

■ The relevancy of the keys found at the service station immediately after the attack on and robbery of Johnnie Wheeler is self-evident. The keys, which the evidence shows did fit the ignition of appellant's car, were found at the scene of the robbery, and obviously linked appellant to that robbery. With respect to the chain of custody of the keys, and the fact that their condition was not altered from the time of their discovery in the service station until time of trial, we think the chain of custody and the constant condition of the keys was well established by the evidence. The testimony, briefly recited, shows that the keys were found on the morning of the robbery by officer Black, who, thinking that the keys belonged to Johnnie Wheeler, the robbery victim, took them out to the service station. Admittedly, the keys stayed there for some period of time, the extent of which is not shown, and were then taken to the hospital and shown to Johnnie Wheeler, who said the keys were not his. A service station employee also tried the keys in Wheeler's car and none of the keys on the keyring found at the service station, fitted Wheeler's automobile. The keys were eventually taken back to the police station and kept in a property room until time of trial. Four different witnesses testified that the keys admitted in evidence looked exactly like the keys found by Officer Black on the morning of the robbery at the scene. In addition, a locksmith testified that one of the keys on the keyring found at the scene would fit a General Motors product ignition lock manufactured in 1969, 1973 or 1977, and that another key on the ring would fit the trunk lock of a 1969, 1973 or 1977 General Motors product. The locksmith also testified that he tried one of the keys found on the keyring in the ignition of appellant's car and that it fit the ignition and started the motor.

Moreover, a picture of the keyring found on the bloody floor of the service station immediately after the robbery and during the police investigation was introduced in evidence and the jury was able to compare the picture of the keys with the actual keys admitted in evidence. We hold that any objection to the introduction of the keyring because of their condition or chain of custody from beginning to end, went only to the weight of the evidence and not to its admissibility. We think there was ample evidence for the jury to determine that the keys found at the robbery scene did belong to the appellant.

In his fifth and last ground of error, appellant urges error on the part of the trial court in admitting into evidence a photograph of the victim in the hospital which showed the surgical incision and scar as the result of surgery necessitated by the stabbing at the time of the robbery. Objection was made by the appellant on the ground that this exhibit showed a surgical scar as a result of the surgical process which could not have been present on the date of the alleged robbery. This objection is not well taken because while the surgical scar obviously was not present at the time of the robbery, it occurred shortly thereafter because of surgery necessitated by the stabbing received by the victim, Johnnie Wheeler, during the robbery. The photograph was obviously relevant to show the seriousness of the wound inflicted by appellant upon the victim during the robbery. *Limuel v. State,* 568 S.W.2d 309 (Tex.Cr.App.— 1978). The indictment charged appellant with "using and exhibiting a deadly weapon to-wit, a knife" while committing aggravated robbery. It was necessary for the State to show that the knife in fact under these circumstances, was a deadly weapon. *Williams v. State,* 575 S.W.2d 30 (Tex.Cr.App. —1979).

The physician who operated on Wheeler described the wound, its gravity, and his treatment. A photograph showing the wound and the surgical scar, under these circumstances, is certainly admissible. *Smith v. State,* 411 S.W.2d 548 (Tex.Cr.App. —1967).

Appellant's fifth ground of error is overruled.

Judgment is affirmed.