NUMBER 13-00-693-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


CHARLES WILSON, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

_____________________________________________________________________


On appeal from the 23rd District Court of Matagorda County, Texas.

_____________________________________________________________________



O P I N I O N



Before Justices Dorsey, Yañez, and Castillo

Opinion by Justice Yañez



Appellant, Charles Wilson, Jr., was convicted of possession of more than 200 grams but less than 400 grams of cocaine.
Appellant, appearing pro se on appeal, raises two issues. We affirm.

With his first issue, appellant challenges the validity of the search warrant used by the police to enter his home, where they
found the cocaine. The search warrant in question was not admitted at trial and is not contained in the record before this
Court; therefore, appellant has not preserved this issue for appeal. Satillan v. State, 470 S.W.2d 677, 679 (Tex. Crim. App.
1971); Wilburn v. State, 636 S.W.2d 771, 780 (Tex. App.-Corpus Christi 1982, no pet.). Accordingly, we dismiss
appellant's first issue on appeal.

In his second issue, appellant contends that extraneous acts were admitted at the punishment phase of trial without him
having been given notice of the State's intent to introduce extraneous offense evidence. See Tex. Code Crim. Proc. Ann.
art. 37.07 § 3(g) (Vernon Supp. 2002)(upon a timely request by the defendant, State must notify the defendant of the State's
intent to introduce evidence of an extraneous crime or bad act that has not resulted in a final conviction). The record shows
that the State gave written notice to appellant of its intention to introduce evidence of extraneous conduct, including the
extraneous conduct specifically discussed by appellant in his brief. (1)

Appellant also contends that the trial court failed to charge the jury, in writing, that it could not consider an extraneous
offense unless the jury found beyond a reasonable doubt that appellant had committed the offense. Contrary to appellant's
brief, the trial court did include such a written instruction in the charge to the jury on punishment, and further orally
charged the jury as to this requirement. We overrule appellant's second issue.

The judgment of the trial court is AFFIRMED.



 

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

7th day of March, 2002.

1. Several months after he was arrested for the offense involved in the instant case, appellant's home was again searched
and appellant was again found to be in possession of cocaine. Testimony concerning this second instance of possession
was introduced at the punishment phase of appellant's trial, and it is this testimony that is the subject of appellant's second
issue.