Ex parte Charles Young

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-441-CR

EX PARTE CHARLES YOUNG 

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 18, 2005, this court received a notice of appeal from Appellant Charles Young indicating that he wants to challenge his conviction from trial court cause number 18,001-A.  He has already challenged this conviction on direct appeal.  We issued our opinion affirming the trial court’s judgment on February 24, 1982 and denied Appellant’s motion for rehearing on March 24, 1982.
(footnote: 2)  Consequently, our plenary power expired on April 26, 1982.
(footnote: 3)  Mandate issued on or about August 5, 1983.

Because our plenary power has expired, we have lost jurisdiction and have no authority to vacate Appellant’s conviction.
(footnote: 4)  We therefore sent a letter to Appellant on November 23, 2005, requesting a response showing grounds for continuing the appeal.  Appellant responded, but his response does not show grounds for continuing the appeal.  Instead, his response appears to be an application for a writ of habeas corpus.

The Texas Constitution grants this court original jurisdiction only in cases specifically prescribed by law.
(footnote: 5)  We are not authorized to consider postconviction applications for writs of habeas corpus, nor are we authorized to grant relief on them.
(footnote: 6)  Postconviction applications for writs of habeas corpus for felony cases other than death penalty cases must be filed in the court of original conviction and made returnable to the Texas Court of Criminal Appeals.
(footnote: 7)   Because our plenary power over Appellant’s case has expired, we dismiss this appeal for want of jurisdiction.
(footnote: 8)

PER CURIAM

PANEL D: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Young v. State
, 629 S.W.2d 247 (Tex. App—Fort Worth 1982), 
pet. dism’d
, 465 U.S. 1016 (1984).

3:
See
 
Tex. R. App. P.
 19.1.

4:
See
 
Tex. R. App. P.
 19.3.

5:
Tex. Const
. art. V, § 6.

6:
Tex. Code Crim. Proc. Ann. 
art. 11.05 (Vernon 2005); 
Tex. Gov't Code Ann.
 § 22.221 (Vernon 2004).

7:
Tex. Code Crim. Proc. Ann. 
art. 11.07, § (3)(a), (b) (Vernon 2005).

8:
See 
Tex. R. App. P.
 25.2(b), 43.2(f), 44.3.