COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-441-CR

 

 

EX PARTE CHARLES YOUNG                                                                 

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On October 18, 2005, this
court received a notice of appeal from Appellant Charles Young indicating that
he wants to challenge his conviction from trial court cause number
18,001-A.  He has already challenged this
conviction on direct appeal.  We issued
our opinion affirming the trial court=s judgment on February 24, 1982 and denied Appellant=s motion for rehearing on March 24, 1982.[2]  Consequently, our plenary power expired on
April 26, 1982.[3]  Mandate issued on or about August 5, 1983.

Because our plenary power has
expired, we have lost jurisdiction and have no authority to vacate Appellant=s conviction.[4]  We therefore sent a letter to Appellant on
November 23, 2005, requesting a response showing grounds for continuing the
appeal.  Appellant responded, but his
response does not show grounds for continuing the appeal.  Instead, his response appears to be an
application for a writ of habeas corpus.








The Texas Constitution grants
this court original jurisdiction only in cases specifically prescribed by law.[5]  We are not authorized to consider
postconviction applications for writs of habeas corpus, nor are we authorized
to grant relief on them.[6]  Postconviction applications for writs of
habeas corpus for felony cases other than death penalty cases must be filed in
the court of original conviction and made returnable to the Texas Court of
Criminal Appeals.[7]          Because
our plenary power over Appellant=s case has expired, we dismiss this appeal for want of jurisdiction.[8]

 

PER CURIAM

PANEL D:   DAUPHINOT,
HOLMAN, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
January 12, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]See Young v. State, 629 S.W.2d 247 (Tex. AppCFort Worth 1982), pet. dism=d, 465 U.S. 1016 (1984).





[3]See Tex.
R. App. P. 19.1.





[4]See Tex.
R. App. P. 19.3.





[5]Tex. Const. art. V, ' 6.





[6]Tex. Code
Crim. Proc. Ann. art.
11.05 (Vernon 2005); Tex. Gov't Code
Ann. ' 22.221 (Vernon 2004).





[7]Tex. Code
Crim. Proc. Ann. art.
11.07, ' (3)(a), (b) (Vernon 2005).





[8]See Tex. R.
App. P. 25.2(b),
43.2(f), 44.3.