

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00043-CR

LARRY GENE STRICKLAND II, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14249, Honorable Bryan T. Bufkin, Presiding

September 29, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In reversing this Court's decision deleting a cumulation order in *Strickland v. State*, No. 07-22-00294-CR, 2023 Tex. App. LEXIS 6101, at *9 (Tex. App.—Amarillo Aug. 11, 2023, pet. granted) (mem. op., not designated for publication), the Texas Court of Criminal Appeals (CCA) determined application of the remand principle is the proper remedy when the evidence is insufficient to support a cumulation order. *See Strickland v. State*, 707 S.W.3d 221, 226 (Tex. Crim. App. 2024). On remand, the trial court took

1

judicial notice of prior convictions to support a cumulation order.  The question now before this Court is whether judicial notice without oral testimony is the proper method to cumulate sentences when the prior convictions are from a different term of court.[1]  Based on the rationale explained herein, we remand for further proceedings.

## BACKGROUND

Pursuant to a plea agreement, Appellant, Larry Gene Strickland II, was granted deferred adjudication community supervision for six years for the offense of possession of methamphetamine in an amount of one gram or more but less than four grams.[2]  A year later, the State moved to proceed to adjudication for violations of the conditions of community supervision.  Following a contested hearing on August 18, 2022, Appellant was adjudicated guilty and sentenced to confinement for ten years.  Despite the lack of a request from the State to cumulate the sentence, the trial court, without announcing it was taking judicial notice of its files, sua sponte ordered the sentence to run consecutively with four sentences from prior convictions in Cause Number 14643 (four Counts) from March 9, 2022, an earlier term of court.[3]  After this Court deleted the cumulation order, the State petitioned the CCA to remand the cause to the trial court for clarity and "further development."  *Strickland*, 2023 Tex. App. LEXIS 6101, at *9.  The CCA remanded the

---

[1] A district court's terms of court commence on the first Monday in January and the first Monday in July each year.  TEX. GOV'T CODE ANN. § 24.302.

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

[3] It is recommended a cumulation order be supported by the following information: (1) the cause number of the prior conviction, (2) the correct name of the court in which the prior conviction occurred, (3) the date of the prior conviction, (4) the term of years assessed in the prior case, and (5) the nature of the prior conviction.  *Ward v. State*, 523 S.W.2d 681, 682 (Tex. Crim. App. 1975).  The five recommended elements are not, however, mandatory.  *Stokes v. State*, 688 S.W.2d 539, 540 (Tex. Crim. App. 1985).  If a prior conviction is from a different term of court, record evidence must be presented to the trial court of the former conviction as well as oral testimony connecting the accused to that conviction.  *Bridges v. State*, 468 S.W.2d 451, 452 (Tex. Crim. App. 1971).

2

cause "so that any judge can obtain the information required to support the cumulation order." *Strickland*, 701 S.W.3d at 226.

On remand, the trial court held a brief hearing. Just as in the adjudication hearing, the State did not present any evidence or oral testimony. The trial court obtained the necessary information via judicial notice to cumulate the sentence imposed at the adjudication hearing with four prior convictions in Cause Number CR 14643 and, in doing so, read into the record all the recommended elements for properly cumulating sentences which are generally provided by the State. Defense counsel objected to the trial court taking judicial notice of convictions from a different term of court without evidence and also lodged an objection on the prohibition against ex post facto laws arguing the CCA had expanded and changed the rules of evidence. Both objections were overruled.

By this second appeal from the cumulation order, Appellant presents two issues: (1) the cumulation order is invalid because the trial court never had discretion to judicially notice other alleged records from a different term of court and once that alleged evidence is excluded, there is insufficient evidence supporting cumulation and (2) if judicial notice was proper, then he asserts this newly created judicial rule is a violation of the U.S. Constitution's ex post facto protections in Article I, Section 10, that requires the cumulation order to be reformed as a concurrent sentence. We remand to the trial court for further proceedings.

### APPLICABLE LAW

It is well settled that a trial court has discretion to cumulate sentences when authorized by law. TEX. CODE CRIM. PROC ANN. art. 42.08(a); *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). However, when there is no authority to cumulate

3

sentences, the proper remedy is to delete the cumulation order. *See Beedy v. State*, 250 S.W.3d 107, 114 (Tex. Crim. App. 2008) (concluding trial court did not have authority to stack a term of deferred adjudication community supervision onto a prison sentence).

ISSUE ONE—JUDICIAL NOTICE

By his first issue, Appellant asserts the trial court had no discretion to judicially notice records from a different term of court without the State presenting some evidence of the former conviction and oral testimony connecting him to that conviction. He correctly asserts there was nothing in the record from the original adjudication hearing showing the prior convictions were from the same term of court of the 355th District Court.

Rule 201 of the Texas Rules of Evidence allows a court to judicially notice adjudicative facts which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b)(2). For purposes of cumulating sentences when a former conviction occurred in a different term of court, record evidence of the former conviction *and* oral testimony connecting the accused to that conviction is required. *Bridges v. State*, 468 S.W.2d 451, 452 (Tex. Crim. App. 1971).

Relying on *Turner v. State*, 733 S.W.2d 218 (Tex. Crim. App. 1987), Appellant maintains the trial could not take judicial notice of a conviction from a different term of court without introduction of oral testimony and essential facts. In *Turner*, the Court set aside a cumulation order and reformed the judgment explaining that even if judicial notice could have been taken of a prior conviction from a different district court, "there would still be missing the evidence identifying appellant as the person so previously convicted." *Id.* at 223.

4

The *Judgment Adjudicating Guilt* in Cause Number CR14249, the subject of the prior direct appeal, is dated August 18, 2022. The former judgments of conviction in Cause Number CR14643 used to cumulate Appellant's sentence following remand, of which the trial court judicially noticed, were issued on March 9, 2022. Although those convictions occurred during a different term of court of the 355th District Court, judicially noticed records may serve as evidence given the CCA's edict in *Strickland* but not without oral testimony. *Cf. Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *1, *4 (Tex. Crim. App. May 19, 2004) (absence of PSI from record prevented appellate court from assessing whether judicial notice of statements in PSI was sufficient substitute for formal proof of prior conviction for the purpose of finding enhancement allegations true).

The State acknowledges the CCA remanded the case for "additional evidence" to justify the cumulative sentences but left the duty of providing testimony with the trial judge—"Judge Bufkin commented on the record that Appellant was the same individual as the person convicted in CR14643."

Rule 605 of the Texas Rules of Evidence provides "[t]he presiding judge may not testify as a witness at the trial. A party need not object to preserve the issue." TEX. R. EVID. 605.[4] A presiding judge "should not act as an advocate or adversary for any party." *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd). Due process does not permit a trial judge to assume the role of a prosecutor.

---

[4] The predecessor to Rule 605 was article 38.13 of the Texas Code of Criminal Procedure. *Merchant v. State*, Nos. B14-88-0125-CR, B14-88-0128-CR, 1989 Tex. App. LEXIS 39, at *3 (Tex. App.—Houston [14th Dist.] Jan. 12, 1989, no pet.) (mem. op., not designated for publication). Under the former statute, a presiding trial judge could be a competent witness if the judge took an oath as any other witness. But mere statements from a trial court were not considered evidence. *Plumlee v. State*, 106 Tex. Crim. 361, 365 (1927). *See Young v. State*, 629 S.W.2d 247, 249 (Tex. App.—Fort Worth 1982), *appeal dism'd*, 465 U.S. 1016, 104 S. Ct. 1262, 79 L. Ed. 2d 670 (1984) (reluctantly agreeing with State that presiding judge could testify under article 38.13 to connect the defendant to prior convictions by being called to the stand and taking the oath).

5

*Avilez v. State*, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). If this Court accepts the trial court's announcements as testimony connecting Appellant to the prior convictions from a different term of court, it is an acknowledgement of a violation of Rule 605. Because the CCA did not overrule *Bridges* or *Turner*, oral testimony is still required to cumulate a sentence with a sentence from another term of court. In *Strickland*, the CCA merely instructed the trial court to "obtain the information required to support the cumulation order" but did not dispense with the requirement for the trial court to receive oral testimony linking a defendant to a conviction from a different term of court. Here, the trial court's announcements at the remand hearing were the "functional equivalent of testimony" in violation of Rule 605. *Hammond v. State*, 799 S.W.2d 741, 746 (Tex. Crim. App. 1990). Accordingly, we now remand the cause to the trial court for the State to present sufficient evidence for the trial court to properly enter a cumulation order. Issue one is sustained in part and overruled in part. We need not reach Appellant's issue on whether the CCA created a new rule in violation of the prohibition against ex post facto laws.

## CONCLUSION

The appeal is abated and the cause is remanded to the trial court to conduct a hearing on or before **October 29, 2025** from the date of this order for the State to present sufficient evidence to support a cumulation order. The trial court is directed to include any necessary orders or documents in a supplemental clerk's record and file that record on or before **November 10, 2025** from the date of this order. The trial court is further directed to file a supplemental reporter's record of the remand hearing, including any

6

exhibits admitted into evidence, on or before **November 10, 2025** from the date of this order.  Failure to comply will result in the appeal being reinstated for further proceedings.

It is so ordered.


Alex Yarbrough
Justice

Do not publish.