**Venida A. BYRD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40738.**

Court of Criminal Appeals of Texas.

Nov. 8, 1967.

Pena & McDonald, by ·L. Aron Pena, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is felony embezzlement; the punishment, two years.

The indictment alleged the embezzlement of $85.19 in money from Valley Transit Co. Inc., a corporation, by appellant, its agent and bailee.

The first ground of error is that the court erred in allowing admission of evidence and allusion to the commission by defendant of other crimes and transactions.

·Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., requires that the defendant's brief shall set forth separately each ground of error of which defendant desires to complain on appeal.

The brief fails to point out any particular evidence or allusion, or ruling of the court in regard to same. We note, however, that the evidence as to shortages in other similar transactions relating to money collected by appellant, as station agent at the Edinburg Bus Station, appears to have been admitted without objection and was limited in the court's charge, to which there were no objections. Further, we agree with the state's contention that the evidence so limited was admissible under Campbell v. State, 163 Tex.Cr.R. 545, 294 S.W.2d 125, to show system, intent and knowledge.

The second ground is that the trial court committed material error in making comment on the weight of the evidence at various incidents of the trial. This assignment

of error does not comply with the requirements of Art. 40.09, Sec. 9, supra, that the grounds of error be set forth separately.

■ We have examined the portion of the record indicated in connection with this ground of error and find no comment of the court to which objection was made or which violated Art. 38.05 V.A.C.C.P., which provides that the judge shall not comment upon the weight of the evidence or its bearing in the case, or make any remark calculated to convey to the jury his opinion of the case. A comment by the court not reasonably calculated to prejudice the rights of appellant is not ground for reversal. Vasquez v. State, 163 Tex.Cr.R. 16, 288 S.W.2d 100; Adams v. State, 165 Tex.Cr.R. 523, 309 S. W.2d 245; Collins v. State, Tex.Cr.App., 376 S.W.2d 354.

■ The third ground of error is that the court erred in considering other charges pending against appellant in assessing punishment.

This claim of error relates to a statement by the court at the time he passed on appellant's application for probation. The jury had previously returned its verdict finding appellant guilty and, the defendant having elected to have the punishment assessed by the court, the court had assessed the minimum punishment.

We find no denial of due process of law in the court's refusal to grant probation, based in part upon other charges pending against appellant.

The fourth ground of error is that the verdict of the jury and consequent judgment of the court where contrary to the law and the evidence.

This complaint relates to the variance between the total receipts from ticket sales shown by the State's Exhibits and the amount alleged to have been embezzled.

State's Exhibit No. 3, compiled by appellant, reflects that on February 25, 1966, the total receipts for tickets and express, less

commission, was $100.04 which—deducting $14.85 charged—left a balance of $85.19 due and to be deposited to the account of the Corporation. The undisputed evidence shows that such sum was not deposited by appellant as required by her agency agreement.

■ The amount shown by the state's evidence to have been embezzled being more than $50.00, any variance between the allegations and proof as to the amount embezzled would not be fatal.

The evidence in support of the allegation as to agency and the receipt of more than $50.00 by the appellant on February 25, 1966, which was not deposited in the bank in accordance with the agency agreement is not disputed. The jury rejected appellant's testimony to the effect that she did not embezzle or appropriate any of the corporation's money.

■ The evidence is deemed sufficient to sustain the jury's verdict, and ground of error No. 4 is overruled.

The remaining ground for reversal is that appellant was not afforded effective and competent counsel. Appellant's trial counsel as well as her counsel on appeal were of her own choosing. The brief concedes that trial counsel was "a man of tremendous experience in the practice of law." Without questioning his general competency, the brief presents the contention that the entire record of the trial proceedings reflects that appellant was not adequately represented.

While the writer's views are expressed in his dissenting opinion in Rodriguez v. State, 170 Tex.Cr.R. 295, 340 S.W.2d 61, the majority opinion therein does not support appellant's ground of error.

■■ The constitutional right to counsel does not mean errorless counsel, and whether counsel is employed or is court appointed, his competency or the adequacy of his representation of his client is not to be

judged by hindsight. Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

The contention that appellant was denied her right to effective aid of counsel is overruled.

The judgment is affirmed.