Jackson-ML v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-094-CR

     MELVIN LEON JACKSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 208th District Court
Harris County, Texas
Trial Court # 597,456
                                                                                                    

O P I N I O N
                                                                                                    

      In this case the Appellant was charged by indictment with the offense of aggravated robbery
to which he pleaded "not guilty." Trial was had to a jury which found him guilty as charged. 
Then, Appellant pleaded "true" to two enhancement paragraphs, whereupon the trial court
assessed punishment at fifty years confinement in the Texas Department of Criminal Justice,
Institutional Division. Appellant comes to this court on four points of error. We overrule all of
Appellant's points and contentions and affirm the trial court's judgment.
      On March 22, 1991, Dorothy Mae Basnight was working as a sales clerk at the "Stop and Go"
convenience store located at West Alabama and Greeley Streets in Houston, Texas. In the early
morning hours, Appellant came into the store carrying a large box. He put the box down, pointed
a gun at Ms. Basnight's face and told her to stay behind the counter and keep her mouth shut.
      While Appellant filled his cardboard box with packages of cigarettes, Ms. Basnight came from
behind the counter and ran toward the door. Appellant grabbed her arm tightly with his left hand,
pointed the gun to her chest, and threatened to kill her. Ms. Basnight was afraid that Appellant
would injure or kill her. However, she shoved Appellant back, causing him to lose his balance,
and she was able to break free of his grasp.
      Ms. Basnight ran out the door. She attempted to lock it behind her but she could not get the
door closed because Appellant's head and arm were already blocking the entrance. Finally,
Appellant got through the doorway and ran out of the store and down the street taking the box
containing $1,370.00 worth of cigarettes with him.
      A patron who was about to enter the store saw these events and took down Appellant's license
plate number. He also notified the police about the offense.
      By Appellant's first point of error he asserts that he was deprived of due process of law when
the State bolstered the unimpeached identification testimony of the complainant. Here, the State
bolstered Ms. Basnight's in-court identification of Appellant. The record reflects that Ms.
Basnight identified Appellant in court as the robber. Later, Houston Police Sergeant J. R.
Wiederhold testified that he conducted a lineup in which Appellant had been identified. It is the
sergeant's testimony upon which Appellant has based this complaint.
      In order for this court to consider this complaint, the record must be complete on the issue
urged. Mathews v. State, (Tex. Crim. App. 1982) 635 S.W.2d 532, 537; McQueen v. State, (Tex.
App.—Houston [1st Dist.], 1985, no pet.) 702 S.W.2d 302. To preserve error for appellate
review, the complaining party must make a timely, specific objection. Turner v. State, (Tex.
Crim. App. 1991) 805 S.W.2d 423, 431, cert. denied, 112 S. Ct. 202; Armstrong v. State, Tex.
Crim. App. 1985) 718 S.W.2d 686, 699. The objection must be made at the earliest possible
opportunity. Marini v. State, (Tex. Crim. App. 1980) 593 S.W.2d 709. The complaining party
must obtain an adverse ruling from the trial court. DeRusse v. State, (Tex. Crim. App. 1979) 579
S.W.2d 224. Finally, the point of error on appeal must correspond to the objection made at the
trial. Thomas v. State, (Tex. Crim. App. 1986) 723 S.W.2d 696.
      Here, Appellant did not preserve this point of error by making a timely and specific objection
at trial. Thus, he cannot be heard to raise it for the first time on appeal.
      Assuming, without deciding, that the testimony complained of was preserved and did
constitute error, we hold it harmless under the test prescribed in Texas Rules of Appellate
Procedure 81(b)(2). See Tex. R. App. P. 81(b)(2).
      By his second point of error, Appellant contends that the trial court erred by instructing the
members of the jury and other persons in the courtroom to be cautious when walking to their cars. 
Appellant first complains of a statement the judge made in the presence of the jury when he
excused the unselected members of the venire:
"I'll make this one admonishment: This is not the safest part of town, not the most
savory, so please be mindful of that fact while returning to your vehicles. Be aware of
your surroundings, look underneath the vehicles or whatever is necessary in order to
insure that you're able to exit without any difficulties or without any irregularities."

      Next, the Appellant complains about a comment the judge made when the jury was released
for the evening:
"Please be careful. Recall the admonishment that I made to the other prospective
jurors as they were leaving the courtroom. This is an unsavory part of town, particularly
after dark or near dusk, so I just warn you. I believe to be forewarned is to be forearmed
and, of course, we would not want anything unfortunate to happen.
 
"I do not want to alarm you. However, I do want you to be cautious."

      Appellant has not preserved this error by making a timely, specific objection. See Tex. R.
App. P. 52(a). Under this state of the record, Appellant cannot be heard to raise it for the first
time on appeal.
      Moreover, Appellant's claim that these comments aroused fear, apprehension, and anxiety in
the jurors' minds is, in our opinion, without merit. To constitute reversible error, the trial court's
comment to the jury must be such that it is reasonably calculated to benefit the State or to
prejudice the rights of the defendant. See Becknell v. State, (Tex. Crim. App. 1986) 720 S.W.2d
526 and the cases cited at page 531.
      In the case at bar, the trial court's comments hereinabove quoted were not calculated to injure
the Appellant's rights or deny the Appellant a fair and impartial trial. Therefore, we overrule
Appellant's second point of error.
      By his third point of error Appellant contends the trial court erred and abused its discretion
by failing to give an instruction in the charge on the lesser-included offenses of robbery and theft. 
We do not agree. Appellant did not request this instruction, nor did he object to the jury charge
on these grounds.
      Appellant's contention, as we understand it, is that the trial court should have included
robbery and theft instructions in the jury charge on the court's own motion without a request from
either the prosecutor or defense counsel. However, the appellant cannot complain about the lack
of a jury charge on a lesser-included offense unless he requested the charge at trial. Thomas v.
State, (Tex. Crim. App. 1985) 701 S.W.2d 653, 656; Boles v. State, (Tex. Crim. App. 1980) 598
S.W.2d 274. Therefore, Appellant's point of error is not properly before this court and should
not be addressed.
      Aside from the foregoing, the evidence at the trial does not warrant an instruction on the
lesser-included offenses of robbery and theft. In Aguilar v. State, (Tex. Crim. App. 1985) 682
S.W.2d 556, the Court of Criminal Appeals adopted the two-prong test set forth in Royster v.
State, (Tex. Crim. App. 1981) 622 S.W.2d 442, for determining whether a jury must be charged
on a lesser-included offense. First, the lesser-included offense must be included within the proof
necessary to establish the offense charged. Second, there must be some evidence in the record that
if the defendant is guilty, he is guilty only of the lesser offense. Obviously, the first prong of the
test has been met since robbery and theft are lesser-included offenses of aggravated robbery. 
However, there was no evidence at trial that Appellant was guilty only of these lesser offenses. 
Ms. Basnight gave uncontroverted testimony that Appellant pointed a gun at her face and chest and
threatened to kill her. She further testified that she was in fear of bodily injury or death.
      Appellant claims that the jury might not have believed Ms. Basnight's statement that he
exhibited a firearm during the robbery, and it could have found him guilty of some lesser crime. 
However, a witness's alleged lack of credibility does not constitute evidence that Appellant is
guilty only of a lesser-included offense. Credibility simply is a matter for the jury to decide. 
After all, the jury verdict found Appellant guilty of aggravated robbery. There is no evidence in
the record to support Appellant's argument that he was entitled to a jury charge on the lesser-included offenses. We overrule Appellant's third point of error.
      Appellant's fourth and final point of error asserts that the Appellant was deprived of effective
assistance of counsel in violation of the United States and Texas Constitutions. To support his
contention he lists ten acts or omissions his attorney made during the trial of his case.
      In Strickland v. Washington, (1984) 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674,
our United States Supreme Court devised a two-part test for the analysis of claims concerning 
ineffectiveness of counsel. The defendant must first show counsel's performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment; secondly, the
defendant must show that the deficient performance prejudiced the defense by showing that
counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is
reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted
from a breakdown in the adversary process that rendered the result unreliable. The benchmark
for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as having produced
a just result.
      In determining whether counsel's performance was so deficient that he was not functioning
as acceptable counsel under the Sixth Amendment, the appellate court employs a strong
presumption that counsel's conduct falls within the wide range of reasonable professional
assistance and that trial counsel's challenged action constitutes sound trial strategy.
      The adequacy of an attorney's services must be gauged by the totality of his representation. 
Ex parte Carillo, (Tex. Crim. App. 1985) 687 S.W.2d 320, 324. The constitutional right to
counsel does not mean errorless counsel or whose competency or adequacy of his representation
is to be judged by hindsight. Ex parte Carillo, supra; also see Ex parte Ewing, (Tex. Crim. App.
1978) 570 S.W.2d 941, 945; Passmore v. State, (Tex. Crim. App. 1981) 617 S.W.2d 682, 686.
      If the defendant demonstrates that his counsel's performance was in fact deficient, the court
must then move to the second part of the two-part test and evaluate whether the deficient
performance prejudiced the defendant. Strickland, supra.
      Appellant has set forth ten instances of acts and omissions wherein he contends that his
counsel deprived him of effective assistance of counsel. We have carefully considered all of these
assertions and have actually discussed three of them under Appellant's first, second, and third
points of error, and do not deem it necessary to discuss the remaining assertions of Appellant
against his counsel.
      Suffice it to say that the record reflects that Appellant's trial counsel conducted a thorough
voir dire of the jury panel and vigorously cross-examined the State's witnesses. He was prepared,
familiar with the facts of the case, and understood the interrelationships of the witnesses.
      The totality of counsel's representation reveals that he was not ineffective. Appellant has not
shown by a preponderance of the evidence that his attorney's representation was unreasonable
under prevailing professional norms. See Moore v. State, (Tex. Crim. App. 1985) 694 S.W.2d
528. We accordingly overrule Appellant's fourth and final point of error.
      Judgment of the trial court is affirmed.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed February 3, 1993
Do not publish