Builders Transport Inc v. Grice-Smith, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-130-CV

     BUILDERS TRANSPORT, INC.,
                                                                         Appellant
     v.

     LORETTA YVETTE GRICE-SMITH,
     INDIVIDUALLY, AND AS THE
     REPRESENTATIVE OF THE ESTATE
     OF ROY CELL SMITH, JR.,
     DECEASED, ET AL.,
                                                                         Appellees
 

From the 165th District Court
Harris County, Texas
Trial Court # 96-58924
                                                                                                                
                                                                                                         
DISSENTING OPINION TO ORDER
                                                                                                                

      The majority’s order staying the appeal and setting forth a briefing schedule is void. I know
this because the majority’s order says so. Order at page 3 (“Any actions taken while the stay is
in effect are void.”). We have no jurisdiction to act on Builders Transport, Inc.’s motion to stay
the appeal. At most, we should merely acknowledge the “automatic” stay of the Texas Insurance
Code as follows:
NOTICE
We have received notice that Builders Transport, Inc.’s insurer was designated impaired
by the Texas Commissioner of Insurance on October 5, 2001. Accordingly, this appeal
is stayed pursuant to the Texas Insurance Code 21.28C §17.
Because the majority does not, I respectfully note my dissent.


                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion to order issued and filed November 28, 2001
Publish



n appeal must correspond to the objection made at the
trial. Thomas v. State, (Tex. Crim. App. 1986) 723 S.W.2d 696.
      Here, Appellant did not preserve this point of error by making a timely and specific objection
at trial. Thus, he cannot be heard to raise it for the first time on appeal.
      Assuming, without deciding, that the testimony complained of was preserved and did
constitute error, we hold it harmless under the test prescribed in Texas Rules of Appellate
Procedure 81(b)(2). See Tex. R. App. P. 81(b)(2).
      By his second point of error, Appellant contends that the trial court erred by instructing the
members of the jury and other persons in the courtroom to be cautious when walking to their cars. 
Appellant first complains of a statement the judge made in the presence of the jury when he
excused the unselected members of the venire:
"I'll make this one admonishment: This is not the safest part of town, not the most
savory, so please be mindful of that fact while returning to your vehicles. Be aware of
your surroundings, look underneath the vehicles or whatever is necessary in order to
insure that you're able to exit without any difficulties or without any irregularities."

      Next, the Appellant complains about a comment the judge made when the jury was released
for the evening:
"Please be careful. Recall the admonishment that I made to the other prospective
jurors as they were leaving the courtroom. This is an unsavory part of town, particularly
after dark or near dusk, so I just warn you. I believe to be forewarned is to be forearmed
and, of course, we would not want anything unfortunate to happen.
 
"I do not want to alarm you. However, I do want you to be cautious."

      Appellant has not preserved this error by making a timely, specific objection. See Tex. R.
App. P. 52(a). Under this state of the record, Appellant cannot be heard to raise it for the first
time on appeal.
      Moreover, Appellant's claim that these comments aroused fear, apprehension, and anxiety in
the jurors' minds is, in our opinion, without merit. To constitute reversible error, the trial court's
comment to the jury must be such that it is reasonably calculated to benefit the State or to
prejudice the rights of the defendant. See Becknell v. State, (Tex. Crim. App. 1986) 720 S.W.2d
526 and the cases cited at page 531.
      In the case at bar, the trial court's comments hereinabove quoted were not calculated to injure
the Appellant's rights or deny the Appellant a fair and impartial trial. Therefore, we overrule
Appellant's second point of error.
      By his third point of error Appellant contends the trial court erred and abused its discretion
by failing to give an instruction in the charge on the lesser-included offenses of robbery and theft. 
We do not agree. Appellant did not request this instruction, nor did he object to the jury charge
on these grounds.
      Appellant's contention, as we understand it, is that the trial court should have included
robbery and theft instructions in the jury charge on the court's own motion without a request from
either the prosecutor or defense counsel. However, the appellant cannot complain about the lack
of a jury charge on a lesser-included offense unless he requested the charge at trial. Thomas v.
State, (Tex. Crim. App. 1985) 701 S.W.2d 653, 656; Boles v. State, (Tex. Crim. App. 1980) 598
S.W.2d 274. Therefore, Appellant's point of error is not properly before this court and should
not be addressed.
      Aside from the foregoing, the evidence at the trial does not warrant an instruction on the
lesser-included offenses of robbery and theft. In Aguilar v. State, (Tex. Crim. App. 1985) 682
S.W.2d 556, the Court of Criminal Appeals adopted the two-prong test set forth in Royster v.
State, (Tex. Crim. App. 1981) 622 S.W.2d 442, for determining whether a jury must be charged
on a lesser-included offense. First, the lesser-included offense must be included within the proof
necessary to establish the offense charged. Second, there must be some evidence in the record that
if the defendant is guilty, he is guilty only of the lesser offense. Obviously, the first prong of the
test has been met since robbery and theft are lesser-included offenses of aggravated robbery. 
However, there was no evidence at trial that Appellant was guilty only of these lesser offenses. 
Ms. Basnight gave uncontroverted testimony that Appellant pointed a gun at her face and chest and
threatened to kill her. She further testified that she was in fear of bodily injury or death.
      Appellant claims that the jury might not have believed Ms. Basnight's statement that he
exhibited a firearm during the robbery, and it could have found him guilty of some lesser crime. 
However, a witness's alleged lack of credibility does not constitute evidence that Appellant is
guilty only of a lesser-included offense. Credibility simply is a matter for the jury to decide. 
After all, the jury verdict found Appellant guilty of aggravated robbery. There is no evidence in
the record to support Appellant's argument that he was entitled to a jury charge on the lesser-included offenses. We overrule Appellant's third point of error.
      Appellant's fourth and final point of error asserts that the Appellant was deprived of effective
assistance of counsel in violation of the United States and Texas Constitutions. To support his
contention he lists ten acts or omissions his attorney made during the trial of his case.
      In Strickland v. Washington, (1984) 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674,
our United States Supreme Court devised a two-part test for the analysis of claims concerning 
ineffectiveness of counsel. The defendant must first show counsel's performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment; secondly, the
defendant must show that the deficient performance prejudiced the defense by showing that
counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is
reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted
from a breakdown in the adversary process that rendered the result unreliable. The benchmark
for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the
proper functioning of the adversarial process that the trial cannot be relied on as having produced
a just result.
      In determining whether counsel's performance was so deficient that he was not functioning
as acceptable counsel under the Sixth Amendment, the appellate court employs a strong
presumption that counsel's conduct falls within the wide range of reasonable professional
assistance and that trial counsel's challenged action constitutes sound trial strategy.
      The adequacy of an attorney's services must be gauged by the totality of his representation. 
Ex parte Carillo, (Tex. Crim. App. 1985) 687 S.W.2d 320, 324. The constitutional right to
counsel does not mean errorless counsel or whose competency or adequacy of his representation
is to be judged by hindsight. Ex parte Carillo, supra; also see Ex parte Ewing, (Tex. Crim. App.
1978) 570 S.W.2d 941, 945; Passmore v. State, (Tex. Crim. App. 1981) 617 S.W.2d 682, 686.
      If the defendant demonstrates that his counsel's performance was in fact deficient, the court
must then move to the second part of the two-part test and evaluate whether the deficient
performance prejudiced the defendant. Strickland, supra.
      Appellant has set forth ten instances of acts and omissions wherein he contends that his
counsel deprived him of effective assistance of counsel. We have carefully considered all of these
assertions and have actually discussed three of them under Appellant's first, second, and third
points of error, and do not deem it necessary to discuss the remaining assertions of Appellant
against his counsel.
      Suffice it to say that the record reflects that Appellant's trial counsel conducted a thorough
voir dire of the jury panel and vigorously cross-examined the State's witnesses. He was prepared,
familiar with the facts of the case, and understood the interrelationships of the witnesses.
      The totality of counsel's representation reveals that he was not ineffective. Appellant has not
shown by a preponderance of the evidence that his attorney's representation was unreasonable
under prevailing professional norms. See Moore v. State, (Tex. Crim. App. 1985) 694 S.W.2d
528. We accordingly overrule Appellant's fourth and final point of error.
      Judgment of the trial court is affirmed.
 
                                                                                     JOHN A. JAMES, JR.
                                                                                     Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed February 3, 1993
Do not publish