STUART, Justice
(concurring in the rationale in part and concurring in the result).
The decision in this case rests on whether William C. Coleman pleaded a claim of ineffective assistance of counsel in his Rule 32, Ala. R.Crim. P., petition that is “meritorious on its face.” If he did, then the circuit court was required to conduct an evidentiary hearing. See Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). I write *634 to emphasize the reasons I conclude that Coleman’s ineffective-assistance-of-counsel claim is “meritorious on its face” and that an evidentiary hearing is required.
In his Rule 32 petition, Coleman alleged that his guilty plea was involuntary by reason of ineffective assistance of counsel because his attorney had misinformed him as to his eligibility for work release and parole. According to Coleman, his attorney advised him that he was eligible for work release and parole when in light of the offenses he had committed he was ineligible for either. In pleading his ineffective-assistance-of-counsel claim, Coleman alleged that he pleaded guilty and did not proceed to trial because of his belief that he was eligible for work release and parole. In essence, Coleman maintained that his plea was “involuntary” because his attorney supplied him with information about parole and work-release eligibility that was erroneous and that, in so doing, his attorney had rendered ineffective assistance.
In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court held that the two-part test provided in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applied to a challenge to a guilty plea based on ineffective assistance of counsel. The United States Supreme Court stated:
“In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence .... The second, or ‘prejudice,’ requirement, on the other hand, focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the ‘prejudice’ requirement, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.”
474 U.S. at 58-59.
In Hill, the petitioner claimed in his petition for federal habeas corpus relief that his plea was “involuntary” as a result of ineffective assistance of counsel because his court-appointed attorney had provided him with erroneous information about his parole eligibility. The United States Supreme Court refused to address the substantive issue because the petitioner had failed to properly plead his claim. The Court stated:
“In the present case the claimed error of counsel is erroneous advice as to eligibility for parole under the sentence agreed to in the plea bargain. App. 31. We find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel, because in the present case we conclude that petitioner’s allegations are insufficient to satisfy the Strickland v. Washington requirement of ‘prejudice.’ Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty. Indeed, petitioner’s mistaken belief that he would become eligible for parole after serving one-third of his sentence would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely *635 would serve if he went to trial and were convicted.”
474 U.S. at 60.
In pleading his claim of ineffective assistance of counsel, Coleman satisfied the first prong of Strickland by alleging that his attorney’s performance was deficient in providing him with erroneous information about his parole and work-release eligibility. Unlike the petitioner in Hill, Coleman satisfied the second prong of Strickland by alleging that “but for” the attorney’s misrepresentation he would not have pleaded guilty and would have proceeded to trial. Coleman also pleaded special circumstances, i.e., his age and life expectancy, to support the conclusion that he placed particular emphasis on his parole and work-release eligibility in deciding whether to plead guilty. Therefore, as the majority concluded, Coleman properly pleaded his claim of ineffective assistance of counsel.
I also agree with the majority’s conclusion that if the allegations, as pleaded by Coleman, are taken as true, Coleman is entitled to an evidentiary hearing. Generally, misinformation from counsel about speculative, collateral consequences of a guilty plea does not establish that a defendant entered an involuntary plea, even if the defendant relied upon the misinformation in pleading guilty. As the Court of Criminal Appeals of Texas stated in Ex parte Evans, 690 S.W.2d 274, 278-79 (Tex.Crim.App.1985):
“The question for resolution, therefore, is: Is applicant’s plea of guilty involuntary simply because his attorney relayed erroneous parole eligibility advice upon which applicant relied, at least in part, in pleading guilty?
“... [W]e examine the importance that we wish to attach to parole eligibility vis-a-vis voluntariness of a guilty plea. We do so from the premise that some expectations of a defendant about the circumstances or consequences of his plea, though perhaps important to him, are just too speculative to warrant being given effect upon his guilty plea. It would be unimaginable to label a guilty plea [involuntary] because the defendant was misinformed about the quality of rehabilitation services or living conditions or working conditions or social conditions, etc., in prison. This is so, in large part, because these things, though important, commonly are subject to (and in fact often do) change. They are, at best, speculative both in general and as to a particular individual.
“Likewise, parole becomes an important factor in the future of every actual and potential prison inmate. It is likely to be considered by most defendants as a factor that influences their decision to accept a particular offer of years from the State in exchange for a guilty plea. The criminal justice system accepts this, for the well known objectives of parole are laudatory. But eligibility for parole is a fluctual societal decision; highly subject to change. As stated in Hill v. Lockhart, 731 F.2d 568 (8th Cir.1984), cert. granted, 470 U.S. 1049, 105 S.Ct. 1745, 84 L.Ed.2d 811 (1985):
“ ‘Further reasons ... make it undesirable that claimed misadvice on parole eligibility render the plea involuntary. The petitioner’s behavior and legislative and administrative changes in parole eligibility rules may effect this date. Every plea bargaining arrangement thus would be subject to reopening any time a defendant did not become eligible for parole at the time estimated.’
“Further, and more to the point, the actual obtaining of parole is even more elusive.
“ ‘Parole is very much a speculative proposition. Its happening is contingent on many factors unknown and *636 nonexistent at the time of a guilty plea. Factors such as the conduct of appellant in prison, the composition and attitude of the parole board, the population of the prison system, the identity and attitude of the governor, the regulations governing ‘good time,’ etc., all are yet to be when the defendant decides to plead guilty. The erroneous advice from counsel about the time frame of parole eligibility is then about an event, parole whose time of occurrence, if any, cannot even be accurately guessed at.’ Ex parte Carillo, 687 S.W.2d 320 (Tex.Cr.App.1985) (Concurring opinion).
“We think, then, that the speculative nature of parole attainment is such as to discount its legal importance on the subject of voluntariness of a guilty plea. This legal importance is discounted to the extent that erroneous advice of counsel on the subject of parole eligibility will not render the plea involuntary.”
In this case, however, the misrepresentation by Coleman’s counsel was more than speculation. If counsel had merely represented that Coleman would be eligible for work release or parole within a certain period and counsel grossly misinformed Coleman of the period, then the misrepresentation involved mere speculation, and I could not conclude that the facts, if true, warranted an evidentiary hearing. A misrepresentation regarding work-release or parole attainment, which is so speculative in nature, cannot render a plea involuntary; however, an affirmative misrepresentation regarding a defendant’s eligibility for work release or parole can. Cf. O’Tuel v. Osborne, 706 F.2d 498 (4th Cir.1983) (holding that the defendant’s plea was involuntary because the defendant was “grossly misinformed” that if he would plead guilty in exchange for a recommendation of a life sentence, he would be eligible for parole in 10 years, when he would actually be eligible after 20 years, and he relied on that information). Here, Coleman pleaded that his counsel affirmatively represented to him that he would be eligible for work release and parole, when by law Coleman cannot qualify for either; such a misrepresentation is concrete, specific, and gross. Because Coleman alleged in his pleading facts that, if proven to be true, establish that he was grossly misinformed, that it was reasonable for him to rely upon the misrepresentation, and that a manifest injustice would result if relief is not granted,[9] an evidentiary hearing is warranted.

. See Rule 14.4(e), Ala. R.Crim. P.